**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW W. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00257-JSD |
| | ) | |
| JAMES GRANGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Self-represented Plaintiff Matthew W. Miller brings this civil action for alleged violations of his rights.  Now before the Court is Plaintiff's third Application for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 11.  Plaintiff's first Application (ECF No. 3) was denied on July 1, 2025, because the financial information provided indicated that Plaintiff did not qualify for *in forma pauperis* status.  ECF No. 4.  Plaintiff's second Application (ECF No. 8) was denied on August 19, 2025, because it was incomplete.  ECF No. 9.  In the Order denying Plaintiff's second Application, the Court directed Plaintiff to pay the full $405 filing fee within fourteen (14) days.  *Id.* at 2.  The Court warned Plaintiff that if he failed to comply with the Order, his case would be dismissed.  *Id.*  Instead of complying with the Court's Order and paying the filing fee, Plaintiff filed a third Application for leave to proceed *in forma pauperis*.  ECF No. 11.  For the reasons discussed below, Plaintiff's third Application will be denied, and this case will be dismissed.

**Third Application to Proceed *in Forma Pauperis***

Plaintiff's third Application for leave to proceed *in forma pauperis* was received September 10, 2025—over a week past the response deadline that the Court set in its August 19th Order.  *See* ECF Nos. 9 at 2, 11 at 4.  In addition, the Application was dated by Plaintiff as having been signed

on October, 24, 2025—a date that has yet to occur. *Id.* at 3. Finally, and most importantly, like Plaintiff's second Application, this third Application is incomplete.

Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court." E.D. Mo. L.R. 2.05(A). The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if a plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment of fees and costs, or *in forma pauperis*, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, Plaintiff indicates on his third Application that he has received "Other Income" in the past 12 months from "Business, profession, or other self-employment." ECF No. 11 at 1. But Plaintiff does not "describe" the "source of money and state the amount" received and expected to receive in the future, as directed to do on the form Application. *Id.* Plaintiff does attach a wage statement[1] indicating that he received wages in the amount of $4,098.27 in January 2025, but it does not state what wages he has received since then, or what wages that he expects to receive in the future. *Id.* at 2. Without complete income information, the Court cannot determine that Plaintiff qualifies for *in forma pauperis* status under 28 U.S.C. § 1915(a)(1). As such, the Court will deny Plaintiff's third Application to Proceed without Prepayment. Plaintiff has been given ample opportunities in this case to file a complete Application that demonstrates that he qualifies for *in forma pauperis* status.

---

[1] Plaintiff's third Application had to be filed under seal by the Clerk because Plaintiff failed to comply with Local Rule 2.17(A)(1) which requires that personal data identifiers, like Plaintiff's social security number, be redacted from documents filed with the Court. *See* ECF No. 11 at 2.

**Dismissal for Failure to Comply with a Court Order**

On August 19, 2025, the Court ordered Plaintiff to pay the full filing fee by September 2nd, if he wanted this case to proceed.  ECF No. 9.  Plaintiff has failed to comply with that Court Order.  Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis."  E.D. Mo. L.R. 2.01(B)(1).  Plaintiff has neither paid the filing fee nor submitted a complete and acceptable motion to proceed without prepayment.  Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given sufficient time to comply.  The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's July 1, July 15, and August 19, 2025 Orders and his failure to prosecute his case.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's third Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 11] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

3

Dated this 19th day of September, 2025.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE